UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE J.E. COLEY, | No. 2:16-cv-1168 AC P |
| Petitioner, | |
| v. | <u>ORDER</u> and |
| CLARK DUCART, Warden, | <u>FINDINGS AND RECOMMENDATIONS</u> |
| Respondent. | |

I. <u>Introduction</u>

Petitioner is a state prisoner proceeding pro se with this habeas corpus action filed under 28 U.S.C. § 2254. ECF No. 1. Pending before the court is respondent's motion to dismiss on the ground that petitioner commenced this action beyond the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d), and, alternatively, because the petition is procedurally barred. ECF No. 9. Petitioner timely filed an opposition to the motion, ECF No. 10, and respondent replied, ECF No. 11.

For the reasons that follow, the undersigned recommends that respondent's motion to dismiss be granted, and petitioner's application for a writ of habeas corpus be denied as untimely.

////

////

////

II.     Factual and Procedural Background

On October 28, 2010, in a joint trial with co-defendant Shane Peters,[1] a Solano County jury convicted petitioner of second degree murder and attempted murder, and found true enhancements for use of a firearm and gang association. These crimes involved a "drive by" shooting when petitioner was 19 years old. On May 27, 2011, the trial court sentenced petitioner to a prison term of 15 years to life for the murder, and 25 years to life on the enhancements, for a total of 40 years to life; petitioner received a concurrent sentence for the attempted murder conviction. ECF No. 1 at 24-8;[2] ECF No. 1-1 at 4-7 (Abstract of Judgment). Petitioner was represented at trial by attorney Patrick Riggs.

A.     Direct Review

On June 7, 2011, with the assistance of appointed counsel (Linda Leavitt), petitioner appealed to the California Court of Appeal. Rp. Ex. A; see also Docket,[3] Court of Appeal, First Appellate District, Case No. A132226. The Court of Appeal affirmed the judgments of petitioner and his co-defendant by written opinion filed January 4, 2013.[4] Id. In February 2013, petitioner and his co-defendant, through their respective appellate counsel, sought review in the California Supreme Court. See Docket, California Supreme Court, Case No. S208049. On April 10, 2013, the California Supreme Court summarily denied both petitions for review. Rp. Ex. B. Petitioner did not petition the United States Supreme Court for certiorari. ECF No. 1 at 4.

B.     State Collateral Review

On November 14, 2012, during the pendency of his appeal and with the assistance of counsel (Linda Leavitt), petitioner filed his first state habeas petition, in the California Court of

---

[1] The other co-defendants, Richard Eads and Francisco Soto, agreed to pleas in exchange for testifying against petitioner and Peters. See ECF No. 1-2 at 647.

[2] Page references to filed documents reflect the court's electronic pagination when docketed in the court's Case Management/Electronic Case Files (CM/ECF) system, not the original pagination of the filed documents.

[3] This court may take judicial notice of its own records and the records of other courts. See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

[4] The opinion was modified without a change in the judgment by order filed January 28, 2013.

1  Appeal. ECF No. 1 at 4; Rp. Ex. C (Docket), Court of Appeal, First Appellate District, Case No.
2  A137079. On January 4, 2013, the Court of Appeal consolidated the petitions filed by petitioner
3  and his co-defendant, and issued an order to show cause returnable to the Superior Court on
4  issues including petitioner's claim that trial counsel was ineffective in failing to investigate and
5  present evidence that petitioner's car was in a repair shop at the time of the shooting. Id. On
6  May 23, 2014, following submission of additional evidence and briefing, the Solano County
7  Superior Court denied habeas relief on the ground that the new evidence was not credible. Rp.
8  Ex. D (Solano Case No. VCR208165).

9       On August 10, 2015, petitioner, proceeding pro se, filed a second state habeas petition in
10 the Court of Appeal. Rp. Ex. E (Docket), Court of Appeal, First Appellate District, Case No.
11 A145913. The next day, on August 11, 2015, the Court of Appeal denied the petition on the
12 ground that petitioner had not exhausted his remedies in the sentencing court. Id. (citing People
13 v. Duvall, 9 Cal. 4th 464, 474 (1995); In re Steele, 32 Cal. 4th 682, 692 (2004); and In re Hillery,
14 202 Cal. App. 2d 293, 294 (1962)).

15      On September 9, 2015, petitioner, again proceeding pro se, filed a third state habeas
16 petition, this one in the Solano County Superior Court. That petition raised ten grounds for relief,
17 which petitioner represents are "the ten claims presented in this federal petition." ECF No. 1 at 5.
18 On December 3, 2015, in a written order, the Superior Court denied the petition. Rp. Ex. F. The
19 Superior Court found that plaintiff's Claims One through Eight were not reviewable because
20 plaintiff failed to establish an exception to the rule barring consideration of claims that could have
21 been, but were not, raised on appeal. Id. (citing In re Harris, 5 Cal. 4th 813, 825-826 (1993); In re
22 Waltreus, 62 Cal. 2d 218, 225 (1965); and In re Dixon, 41 Cal. 2d 756, 759 (1963)). The
23 Superior Court further found that each of these claims, with the exception of Claims Four and
24 Seven, were also procedurally barred because they could have been, but were not, raised in the
25 trial court. Id. (citing In re Seaton, 32 Cal. 4th 193, 199-200 (2004)). Finally, the Superior Court
26 found that petitioner had not met his burden of setting forth a prima facie case of ineffective
27 assistance of trial or appellate counsel in support of Claims Nine and Ten. Id. (citing People v.
28 Duvall, supra, 9 Cal. 4th at 474-75).

1   On February 3, 2016, petitioner filed a fourth state habeas petition, again in pro se, this one in the California Court of Appeal, First Appellate District. See Rp. Exs. G (docket), H (Petition Table of Contents). That petition also alleged ten claims for relief, which petitioner represents are the "the same claims presented in this federal petition." ECF No. 1 at 5. On February 10, 2016, in a written opinion, the Court of Appeal denied relief on procedural grounds. See Rp. Ex. I. Specifically, the court found all of petitioner's claims to be untimely. Id. (citing In re Clark, 5 Cal. 4th 750, 782-799 (1993); In re Robbins, 18 Cal. 4th 770, 780 (1998); and In re Swain, 34 Cal. 2d 300, 303-304 (1949)). The court also found petitioner's Claims One through Eight barred. Id. (citing Waltreus, supra, 62 Cal. 2d at 225, Dixon, supra, 41 Cal. 2d at 759, and Seaton, supra, 34 Cal. 4th at 199-200).

On February 18, 2016, petitioner filed a petition for review in the California Supreme Court. The Clerk of Court directed that respondent serve and file an answer to the petition, addressing "petitioner's contention that trial counsel was ineffective, has petitioner [] established a prima facie case for relief, such that this court should grant the petition for review, and transfer the matter to the Court of Appeal with instructions to issue an order to show cause. Respondent is invited to secure a declaration from trial counsel. Respondent need not address petitioner's remaining claims." Docket, California Supreme Court, Case No. S232490 (entry dated Feb. 24, 2016). The answer was filed March 9, 2016; petitioner filed a reply on March 18, 2016. On April 13, 2016, the California Supreme Court summarily denied review. Rp. Ex. J.

      C.      The Instant Federal Action

On May 20, 2016,[5] petitioner filed the instant federal habeas petition, asserting ten grounds for relief.[6] See ECF No. 1. Although petitioner is proceeding pro se, he is assisted by

---

[5] This filing date is based on the prison mailbox rule, pursuant to which a document is deemed served or filed on the date a prisoner signs the document (or signs the proof of service, if later) and gives it to prison officials for mailing. See Houston v. Lack, 487 U.S. 266 (1988) (establishing prison mailbox rule); Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (applying the mailbox rule to both state and federal filings by prisoners).

[6] The federal petition asserts ten grounds for relief, briefly summarized here, ECF No. 1 at 8-10: Ground One: Imposition of the 25-year-to-life mandatory consecutive gang-benefit enhancement (Cal. Penal Code § 12022.53) as to Count 1 violated petitioner's rights to due process and equal protection because the court failed to consider and accord leniency due to petitioner's age and immaturity.

James Lewis, a friend of petitioner's father and retired paralegal "who has extensive background in habeas corpus." See ECF No. 1 at 24, 29, 31; see also ECF No. 10 at 15 n.2; Lewis Decl., ECF No. 1-2 at 637-41 (Pr. Ex. D).  Mr. Lewis commenced assisting petitioner in October 2014.  ECF No. 10 at 15 n.2; ECF No. 9 at 71, 74, 75 (Rp. Ex. K).

### III. Motion to Dismiss

Respondent moves to dismiss the instant petition on the grounds that it was untimely filed

---

Ground Two:  Imposition of the enhancement was excessive and therefore in violation of the Eighth Amendment's proscription against cruel and unusual punishment.

Ground Three:  Imposition of the enhancement violated petitioner's rights to due process and equal protection because it failed to consider individual factors, i.e., petitioner, the alleged driver, received a substantially lengthier sentence than his co-defendant, the alleged shooter.

Ground Four:  Imposition of the enhancement violated petitioner's rights to due process because (a) the jury's findings rested on the fallible testimony of a "gang expert;" (b) this testimony was not verified or verifiable; and (c) nevertheless, this evidence "showed that the defendant was a newcomer to gang life, that the alleged North Vallejo Savages (NVS) was a fledgling group of two youths who did not comprehend what 'gang life' meant, and the NVS was too new and unsophisticated to be classified as a 'criminal street gang' because they did not meet the criteria for 'primary activities' set forth in [Cal. Penal Code] § 186.22."

Ground Five:  Imposition of the enhancement violated petitioner's rights to due process because the activities of petitioner and his co-defendants did not meet the criteria for a gang under Section 186.22(e) (requiring a group of three or more persons) or Section 186.22(f) (requiring a common name or identifying symbol and a pattern of criminal gang activity).

Ground Six:  Imposition of the enhancement "is unconstitutional because it imposes *mandatory* consecutive punishment in a manner not intended by the Legislature, where the defendant did not *personally* use a firearm, and . . . is the result of dual use of enhancement provisions . . . where the resulting cumulative term is excessive in light of findings by the United States Supreme Court regarding youthful offenders.  In addition, the mandatory consecutive provisions contain residual clauses of the sort recently disapproved by the United States Supreme Court in Johnson v. United States, [576 U.S. ——, 135 S. Ct. 2551 (June 26, 2015)] under the Fifth and Fourteenth Amendments[.]" (Original emphasis.)

Ground Seven:  Petitioner's conviction, particularly the finding that he was an "accomplice," is not supported by substantial evidence, due largely to the non-credible testimony of the testifying co-defendants and the fallacious opinion of the "gang expert."

Ground Eight:  Alleged misconduct of trial prosecutor Karen Jensen in providing misinformation to the judge at the August 13, 2010 Section 1118.1 hearing; improperly questioning witnesses; and improper closing statements.

Ground Nine:  Prejudicial ineffective assistance of trial counsel on several grounds, including failure to move to sever petitioner's trial from that of his co-defendant; abrupt change of defense strategy on the first day of trial, without prior notice to defense counsel for petitioner's co-defendant; and failure to object to impermissibly suggestive photo lineup.

Ground Ten:  Prejudicial ineffective assistance of appellate counsel on several grounds, including failure to assert ineffective assistance of trial counsel.

5

and the claims are procedurally defaulted. Respondent contends that the petition is untimely because filed after expiration of the statute of limitations and without a basis for equitable tolling. Respondent contends that petitioner's claims are procedurally defaulted because not raised on direct appeal and untimely under state law. See ECF No. 9.

Petitioner responds that the statute of limitations should be calculated from the date of discovery of the factual predicates underlying his claims (specifically, the first date on which his paralegal submitted petitioner's current claims to the state courts for review), not the conclusion of the direct review process. Petitioner further contends that he is entitled to equitable tolling due to the ineffective assistance of his trial and appellate counsel. See ECF No. 10.

Respondent replies that the factual predicates for petitioner's claims were known, or knowable with due diligence, no later than the end of the direct appeal process, and thus did not extend the limitations period. Respondent further replies that petitioner has failed to show that the performance of his counsel was the "but for" and proximate cause of his untimely filings, as required to support equitable relief. See ECF No. 11.

IV.     Statute Of Limitations

AEDPA contains a one-year statute of limitations for filing a federal habeas petition. See 28 U.S.C. § 2244(d)(1). This one-year period commences from one of four alternative trigger dates. See id. Respondent contends that in the present case the limitation period should run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner contends that the limitation period should commence on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The court addresses both arguments. For the reasons set forth below, the court finds that the applicable statute is 28 U.S.C. § 2244(d)(1)(A).

A.     Applicability Of 28 U.S.C. § 2244(d)(1)(D)

Under 28 U.S.C. § 2244(d)(1)(D), the limitation period begins to run "when the factual predicate of a claim 'could have been discovered through the exercise of due diligence,' not when it was actually discovered." Ford v. Gonzalez, 683 F.3d 1230, 1235 (9th Cir. 2012), cert. denied,

133 S. Ct. 769 (2012). As summarized by the Ninth Circuit:

> Due diligence does not require the maximum feasible diligence, but it does require reasonable diligence in the circumstances. Section 2244(d)(1)(D) provides a petitioner with a later accrual date than section 2244(d)(1)(A) only if vital facts could not have been known by the date the appellate process ended. The due diligence clock starts ticking when a person knows or through diligence could discover the vital facts, regardless of when their legal significance is actually discovered. Although section 2244(d)(1)(D)'s due diligence requirement is an objective standard, a court also considers the petitioner's particular circumstances.

Id. (citations, internal quotation marks and paragraphs omitted).

Although the statute does not define the term, "factual predicate" is comprised of the facts vital or essential to a prisoner's habeas claim, which may include facts demonstrating prejudice. McAleese v. Brennan, 483 F.3d 206, 213-14 (3d Cir. 2007); Hasan v. Galaza, 254 F.3d 1150, 1154 (9th Cir. 2001) (factual predicate for ineffective assistance claim includes facts suggesting both unreasonable performance and prejudice). However, if material does not "change the character" of a claim or provide new grounds for a petition, it is not a "factual predicate" within the meaning of this section. McAleese, 483 F.3d at 215-16 (citation and internal quotation marks omitted). The question is when petitioner had the essential facts underlying his claim, not when he obtained additional evidence supporting his claim. Id. at 214 (citing Johnson v. McBride, 381 F.3d 587, 589 (7th Cir. 2004) ("A desire to see more information in the hope that something will turn up differs from 'the factual predicate of [a] claim or claims' for purposes of § 2244(d)(1)(D).").

In the present case, petitioner has offered two different dates on which the factual predicate of his claims was discovered and the limitations period therefore commenced under Section 2244(d)(1)(D). Petitioner initially contends, in the federal habeas petition itself, that the limitation period began running on "September 15, 2015,[7] with the filing of his current 10 claims [in the Superior Court], because this was reasonably after the date he learned of these available claims, claims that he did not know existed before he obtained some legal assistance." ECF No. 1

---

[7] The applicable date appears instead to be September 9, 2015, as set forth in the subject order of the Superior Court filed December 3, 2015. See Rp. Ex. F.

at 30.  In opposition to respondent's motion to dismiss, petitioner explains that "as to the 10 claims brought, Coley did not personally identify these claims *because he did not know of them* until his informal legal assistant brought them to his attention *after* his lengthy and meticulous review of all transcripts and other trial documents."  ECF No. 10 at 14 (original emphasis).

Also in opposition to the motion to dismiss, petitioner alternatively contends that "[t]he AEDPA timeline on the current 'newly discovered' issues . . . should begin on April 13, 2016, when the claims set forth in his current petition were denied review by the California Supreme Court[.]"  ECF No. 10 at 13.

Neither of these suggested dates reflects the discovery of new facts essential to the predicates of petitioner's claims.  Petitioner's Claims One through Eight are direct challenges to petitioner's conviction and sentence based on the evidence before, and rulings of, the trial court.  The factual predicates for these claims were discoverable with due diligence by the date of petitioner's sentencing.  Petitioner's Claim Nine, the alleged ineffective assistance of trial counsel, was also knowable by this date.  As petitioner concedes, this claim "could have been discovered by appellate counsel Linda Leavitt . . . .  Appellate counsel Leavitt could have, and should have, made this IAC claim on Coley's behalf, which failure to do so became a basis for Coley to bring an IAC claim against her, by and through the diligence of legal assistant Lewis."  ECF No. 10 at 19.  In sum, petitioner's Claims One through Nine are predicated on his interactions with his trial counsel and events that occurred in open court during his trial and sentencing, all in petitioner's presence.  Therefore, all of the vital facts underlying petitioner's Claims One through Nine[8] were discoverable by the date of the trial court's judgment on

---

[8] The only exception is petitioner's sub-claim (one of six arguments in support of Claim Six) that Cal. Penal Code § 12022.53 is unconstitutionally vague under the reasoning set forth in Johnson, 135 S. Ct. 2551, decided June 26, 2015.  See ECF No. 1 at 166-74.  Petitioner asserts this is an issue of first impression, with no authority on point.  In Johnson, the Supreme Court held as unconstitutionally vague the residual clause of a federal recidivist statute that defined a violent felony prior conviction as conduct involving "a serious potential risk of physical injury to another."  The enhancement provisions of Cal. Penal Code § 12022.53 are far more specific, unlikely contestable on vagueness grounds.  Moreover, petitioner's arguments challenging the criminal street gang enhancement statute focus more on the allegedly vague testimony of the "gang expert" and Detective Tribble than the wording of the statute.  The court finds that the Supreme Court's decision in Johnson did not provide a new predicate for petitioner's Claim Six.

petitioner's conviction and sentence on May 27, 2011.

In Claim Ten, petitioner contends that appellate counsel's representation was constitutionally defective because she failed to raise on direct appeal the claims that the trial of petitioner and his co-defendant should have been severed; that trial counsel's change of defense strategy on the first day of trial was prejudicial; that the gang enhancement statutes are unconstitutional; and that the prosecutor engaged in misconduct. The factual predicates for these claims of ineffective assistance of appellate counsel were available, at the latest, by the date the appellate process ended on April 10, 2013, when the California Supreme Court denied direct review.[9]

Each of these dates precedes the involvement of petitioner's paralegal, who did not begin reviewing petitioner's materials until October 2014. The involvement of an assistant, however, does not support an alternative trigger date for the commencement of the limitations period. As the court explains below, several months remained on the limitations clock after Mr. Lewis began assisting petitioner. By emphasizing that he was unaware of his potential claims until he obtained the assistance of his paralegal to review his existing records, petitioner implicitly concedes that the claims were readily discoverable by the exercise of due diligence.

For these reasons, the court finds that Section 2244(d)(1)(D) does not govern the commencement of AEDPA's limitation period in this case.

        B.       Calculation Of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)

Respondent contends that the petition is untimely because it was filed more than one year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because petitioner has not established the applicability of an alternative trigger date for the statute of limitations, this provision applies.

The judgment on petitioner's conviction and sentence was affirmed on direct appeal on

---

[9] Even if the full strategy and effectiveness of appellate counsel was not known until May 23, 2014, when the Superior Court denied the habeas petition prepared by appellate counsel, several months remained until expiration of the limitation period, as construed below.

9

1   January 4, 2013, by the California Court of Appeal. On April 10, 2013, the California Supreme

2   Court denied review. Following the California Supreme Court's denial of direct review,

3   petitioner had ninety days to file a petition for writ of certiorari in the United States Supreme

4   Court. See Rule 13, Supreme Court Rules. Petitioner did not pursue this option, which expired

5   on July 9, 2013. Petitioner's conviction and sentence therefore became final on July 9, 2013.

6       The limitations period under § 2244(d)(1)(A) commenced the next day, on July 10, 2013.

7   See Bowen v. Roe, 188 F.3d 1157 (9th Cir. 1999) ("period of 'direct review' in 28 U.S.C. §

8   2244(d)(1)(A) includes the period within which a petitioner can file a petition for a writ of

9   certiorari from the United States Supreme Court, whether or not the petitioner actually files such

10  a petition"); Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (commencement of

11  limitations period excludes last day of period for seeking direct review, by application of Fed. R.

12  Civ. P. 6(a)). Accordingly, absent statutory or equitable tolling, petitioner was required to file his

13  federal habeas petition by July 10, 2014.

14      C.    Statutory Tolling

15      Respondent acknowledges that petitioner is entitled to statutory tolling during the

16  pendency of his first state habeas petition, which he filed on November 14, 2012, in Superior

17  Court, prior to the July 9, 2013 conclusion of direct review. See 28 U.S.C. § 2244(d)(2) ("The

18  time during which a properly filed application for State post-conviction or other collateral review

19  with respect to the pertinent judgment or claim is pending shall not be counted toward any period

20  of limitation under this subsection."). The pendency of this Superior Court petition overlapped

21  with and extended beyond petitioner's direct appeal, and concluded on May 23, 2014 when the

22  Superior Court denied relief.[10] Therefore, under Section 2244(d)(2), the one-year limitations

23  period was statutorily tolled from July 10, 2013 to May 23, 2014, and commenced the following

---

[10] Respondent notes petitioner's concession that his claim of actual innocence in his first state habeas petition (based on the assertion that petitioner's car was in a repair shop the day of the crime) was based on "a complete fabrication created by co-defendant Peters' wife Gina (who . . . also lied at trial. . .)." ECF No. 11 at 2 (quoting Pr. Oppo., ECF No. 10 at 39). Respondent theorizes, not unreasonably, that the petition was therefore not "properly filed" for AEDPA tolling purposes. ECF No. 11 at 2. Nevertheless, both respondent and the court have accorded petitioner the benefit of statutory tolling during the pendency of this petition.

day on May 24, 2014. Absent additional tolling, the limitation period expired one year later, on May 24, 2015.

Petitioner filed four subsequent state petitions: (1) on August 10, 2015 in the Court of Appeal; (2) on September 9, 2015 in the Superior Court; (3) on February 3, 2016 in the Court of Appeal; and (4) on February 18, 2016 in the California Supreme Court. Because none of these petitions were filed prior to May 24, 2015, when the one-year federal limitations period expired, they can have no tolling effect. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding that "section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed.").

Petitioner filed the instant federal petition on May 20, 2016, nearly two years after commencement of the limitation period, and nearly one year after its expiration. Therefore, absent equitable tolling, the petition was untimely filed under Section 2244(d)(1)(A).

### D.    Equitable Tolling

#### 1.    Legal Standards

"Equitable tolling may be available '[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim.'" McMonagle v. Meyer, 802 F.3d. 1093, 1099 (9th Cir. 2015) (quoting Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999)). "A petitioner who seeks equitable tolling of AEDPA's 1-year filing deadline must show that (1) some 'extraordinary circumstance' prevented him from filing on time, and (2) he has diligently pursued his rights." Luna v. Kernan, 784 F.3d 640, 646 (9th Cir. 2015) (citing Holland v. Florida, 560 U.S. 631, 649 (2010)). The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." See Holland, 560 U.S. at 653 (citations and internal quotation marks omitted).

Equitable tolling is appropriate only if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time," and petitioner demonstrates "a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing." Spitzyn v Moore, 345 F. 3d 796, 799 (9th Cir. 2003) (citations and internal quotation marks omitted). "The threshold necessary to trigger equitable

11

tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (citation and internal quotation marks and punctuation omitted). "To apply the doctrine in 'extraordinary circumstances' necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances 'stood in his way' suggests that an external force must cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on the petitioner's part, all of which would preclude the application of equitable tolling." Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009) (quoting Harris v. Carter, 515 F.3d 1051, 1055 (9th Cir. 2008)).

2. The Parties' Arguments

Petitioner contends that "[e]quitable tolling should be given in the instant case if there is any question of timeliness alleged[.]" ECF No. 1 at 34. Petitioner avers that he could not identify his available claims until he obtained legal assistance, and therefore "could not have discovered these claims" prior to the September 9, 2015 filing of the Superior Court habeas petition in which his ten federal claims were initially raised. Petitioner states that prior to this filing he "was only 19 years old, a high school drop-out, unlearned in the law, and unaware that there were any available potential remedies[.]" Id. at 30-1. Petitioner asserts that the ineffective assistance of his trial counsel, together with the failure of his appellate counsel to timely challenge the effectiveness of his trial counsel, "effectively shut out [] his right to habeas corpus without any adjudication of the merits of his claims[.]" ECF No. 10 at 11. Petitioner contends that the conduct of his trial counsel, Patrick Riggs, was tantamount to abandonment, as set forth in the declaration of James Reilly, counsel for petitioner's co-defendant, Shane Peters.[11] See ECF No.

---

[11] In his declaration executed July 15, 2015, James Reilly, counsel for petitioner's co-defendant, states that he and petitioner's attorney, Patrick Riggs, were initially "in agreement that the defense would be that neither Peters nor Coley was present at the shooting and that the former co-defendants were lying about their participation." Reilly Decl., ECF No. 1-2 at 647. However, Riggs became frustrated with his financial arrangements with petitioner's family, and decided to "strike a deal with the prosecution in return for a plea of guilty to a lesser offense and punishment[.]" Id. Petitioner refused to plead guilty and insisted on proceeding to trial. "Mr. Riggs said that he had not been paid, and the trial judge could not let him withdraw from the case. . . . [T]he judge did not continue his representation by court-appointment, even though Riggs was having to engage in a protracted and complicated trial, apparently without pay and bearing his own costs." Id. Riggs changed defense strategy with his opening statement, stating that petitioner was the driver of the car and did not know that Peters was going to shoot someone, surprising Reilly and undermining his trial strategy. Reilly avers that "Riggs put on virtually no

1   10 at 18-9.  Finally, petitioner contends that the importance and validity of his claims

2   independently require their consideration on the merits.  Id. at 10.

3   Respondent contends that petitioner is not entitled to equitable tolling because he has

4   failed to demonstrate any "external force beyond petitioner's control [that] made it impossible for

5   him to present his claims in a timely manner in the state courts[.]"  ECF No. 9 at 11.  Respondent

6   contends that petitioner's lack of formal education and unsophistication in the law do not qualify

7   as extraordinary circumstances warranting equitable tolling.  Respondent contends that the

8   alleged ineffective assistance of petitioner's trial and appellate counsel did not prevent petitioner

9   "from filing, in a timely manner, those state claims he eventually advanced."  Id. at 12.

10  Respondent maintains that "whatever else trial counsel did, he did not prevent petitioner from

11  filing timely habeas claims later on and thus cannot be a basis for equitable tolling."  ECF No. 11

12  at 4.  Regarding petitioner's appellate counsel, respondent asserts that petitioner has failed to

13  demonstrate deficient performance or egregious misconduct.  Id.  Further, "even if appellate

14  counsel's performance was so flagrantly substandard, petitioner has not shown that her

15  representation was the but-for and proximate cause of his untimely federal petition."  Id.

16  3.   Analysis

17  Petitioner seeks equitable tolling based on the alleged ineffective assistance of his trial and

18  appellate counsel – the former based on conduct including his failure to seek severance of the trial

19  of petitioner and his co-defendant and his alleged abandonment of a meritorious defense; the

20  latter based on conduct including her failure to assert ineffective assistance of trial counsel.

21  These matters were not framed as potentially cognizable grounds for collateral relief until

22  petitioner's current paralegal assistant aided petitioner in filing his third habeas petition on

23  September 9, 2015, in the Solano County Superior Court.  However, by that date the federal

---

defense, called no witnesses, except one investigator. . . . failed to make some motions and objections . . . was not as aggressive in his trial defense as I thought required by the case." Id. at 648.  Petitioner was convicted of "the alleged charges in full, and sentenced to 40-years-to-life," while Peters was found guilty but sentenced to a term of 27-years-to-life.  Id.  Reilly opines, "I do not believe that Mr. Coley received adequate or proper representation and that, accordingly, he did not receive a fair trial as was his right under the Sixth Amendment[.]"  Id.  Petitioner further contends that petitioner was not capable of representing himself, demonstrated by the trial judge's denial of petitioner's motion for self-representation.  Id. at 12.

limitation period, as extended by statutory tolling, had already expired on May 24, 2015. As respondent contends, there is no authority "for retroactively reviving the statute of limitations through equitable tolling[.]" ECF No. 9 at 11.

Petitioner's paralegal began investigating petitioner's case and potential claims in October 2014, seven months before expiration of AEDPA's statute of limitations. Although Mr. Lewis's efforts were clearly stalwart,[12] both he and petitioner failed to meet the deadline set by statute. Filing an exhaustive petition *after* expiration of the limitation period is not the type of diligence that will support equitable tolling. Moreover, the "inability correctly to calculate the limitations period is not an extraordinary circumstance warranting equitable tolling." Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); see also Holland, 560 U.S. at 651-52 ("a garden variety claim of excusable neglect, such as a simple miscalculation that leads [even] a lawyer to miss a filing deadline does not warrant equitable tolling") (citations and internal quotation marks omitted). Additionally, "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." Rasberry, 448 F.3d at 1154. As earlier noted, the factual predicates for each of petitioner's federal claims were available by the conclusion or direct appeal if not earlier. A prisoner need not "understand the legal significance of those facts – rather than simply the facts themselves – before the due diligence (and hence the limitations) clock started ticking." Hasan, 254 F.3d at 1154 n.3.

Furthermore, equitable tolling is appropriate only "[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim[.]" Miles, 187 F.3d at 1107 (citations omitted). Petitioner's attempt to lay the blame for his delay on his prior counsel is unavailing – neither the alleged ineffectiveness of his trial counsel, nor his appellate counsel's failure to allege potentially meritorious claims, prevented petitioner from timely filing his federal habeas petition. Accord, Serbantez v. McDowell, 2015 WL 11182031, at *5, 2015 U.S. Dist. LEXIS 179448 (C.D. Cal. Nov. 2, 2015) (Case No. 14-cv-05130-GW DTB), report and

---

[12] Mr. Lewis notes that the "review of several thousand pages of documents took [him] – age 66 at the time and suffering from medical conditions that limited the amount of time he could spend daily on this review. . . – more months tha[n] he had actually anticipated[.]" ECF No. 10 at 40-1.

recommendation adopted, 2016 WL 3912010, 2016 U.S. Dist. LEXIS 94060 (C.D. Cal. July 18, 2016) ("petitioner fails to explain how appellate counsel's failure to identify a potential issue on appeal precluded him from timely filing his habeas petition") (collecting cases); see also Majoy v. Roe, 296 F.3d 770, 776 n.3 (9th Cir. 2002) (petitioner's "attempt to place blame on his previous attorney and to assign his reliance on that attorney [as] having made timely filing 'impossible' falls short of the circumstances required to engage this [equitable] exception").

The court finds that petitioner, by exercising reasonable diligence, could have determined the deadline for filing his federal habeas petition and timely filed such petition; no external circumstance stood in his way. For these reasons, the court finds that petitioner is not entitled to equitable tolling.

Because petitioner filed the instant federal petition on May 20, 2016, nearly one year after the May 24, 2015 expiration of the limitations period, the petition was untimely filed and is therefore barred by AEDPA's statute of limitations. On this ground, the undersigned recommends that respondent's motion to dismiss be granted, and petitioner's application for a writ of habeas corpus be denied.

V.   Procedural Default

Respondent also moves to dismiss the petition on the alternative ground that all claims are procedurally barred. See ECF No. 9 at 13-6; ECF No. 11 at 5-6. Because the petition must be dismissed as untimely whether or not its claims are otherwise barred, the court need not and does not address procedural default.

VI.   Conclusion

Accordingly, for the reasons set forth above, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a district judge to this action.

Additionally, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss, ECF No. 9, be granted; and

2. Petitioner's application for a writ of habeas corpus be denied because untimely filed under ADEPA's statute of limitations.

These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **ten days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven days** after service of the objections. **Due to exigencies in the court's calendar, no extensions of time will be granted.**[13] The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 23, 2017

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[13] Petitioner is informed that in order to obtain the district judge's independent review and preserve issues for appeal, he need only identify the findings and recommendations to which he objects. There is no need to reproduce his arguments on the issues.